UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**LARRY FULTON WHITE JR.**                                                                 **PLAINTIFF**

v.                                                          **CIVIL ACTION NO. 4:12-CV-P124-M**

**JACK CONWAY**                                                                              **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Larry Fulton White Jr., a prisoner proceeding *in forma pauperis*, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for initial review pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff brings this action against Jack Conway, the Attorney General of Kentucky, in both his individual and official capacities. He seeks monetary and punitive damages as relief.

The facts underlying this action are not complicated. Plaintiff states that "after inquiring many court clerks About the issuance of marriage licenses, Hardin County said yes." According to Plaintiff, on September 6, 2012, Plaintiff's "wife to be" drove to Hardin County to obtain a marriage license. Plaintiff alleges that his future wife had the proper documents "that were initially required by the Clerk." Despite this, Plaintiff alleges, she was denied the sought after marriage license. Plaintiff contends that sometime in the fall of 2006, Defendant Conway "issued his opinion that has been taken to be law. This opinion states or infers that inmates shouldn't be Allowed to marry while incarcerated." Plaintiff states that the Hardin County Clerk's denial of the marriage license requested by Plaintiff's future wife "was and is directly Related to the opinion of Mr Jack Conway."

Plaintiff contends that "[b]eing disallowed to marry" is a violation of the First, Fourteenth, and Eighth Amendments. More specifically, as to his First Amendment claim, Plaintiff states, "My Religion and Faith of Islamism through the Moorish Science Temple of America Requires me to take unto myself a wife and obey the ordinance of ALLAH." As to his Fourteenth Amendment claim, Plaintiff states that his rights to "Equality And protection" were violated by the Clerk's denial of the marriage license. Finally, Plaintiff contends that prohibiting him to marry is cruel and unusual punishment in violation of the Eighth Amendment.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers*, *USA, LLC*,

561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. LEGAL ANALYSIS

*A. Official-Capacity Claims*

The Eleventh Amendment provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Under the Eleventh Amendment a state and its agencies may not be sued in federal court unless the state has expressly waived its immunity or Congress has overridden it. *P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) ("'[T]his Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'") (quoting *Edelman v. Jordan*, 415 U.S. 651 (1974)); *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993) ("It is well-settled that a

suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.") (citations omitted). In enacting § l983, Congress did not intend to override the traditional sovereign immunity of the states. *Quern v. Jordan*, 440 U.S. 332, 341-45 (1979); *Whittington v. Milby*, 928 F.2d l88, 193-94 (6th Cir. 1991). Nor has the Commonwealth of Kentucky waived its sovereign immunity. *Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004). Similarly, a claim against Defendant Conway, an employee of the state, in his official capacity is a claim against the state and is likewise barred by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Adams v. Morris*, 90 F. App'x at 857 ("Moreover, a suit against a state official in his official capacity is not a suit against the official but rather a suit against his official office."); *Turker v. Ohio Dep't of Rehab. and Corr.*, 157 F.3d 453, 456 (6th Cir. 1998) ("It is well-established that a plaintiff cannot sue a state agency or any of its employees in their official capacities for monetary damages.").

Accordingly, the official-capacity claims against Defendant Conway will be **DISMISSED** from this action.

*B. Individual-Capacity Claims*

To state a claim under § 1983, a plaintiff must allege that 1) a right secured by the Constitution or a federal statute has been violated, and 2) the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010). A complaint filed under § 1983 must show a causal connection between each of the named defendants and the alleged constitutional deprivation. A § 1983 complaint must allege that specific conduct by each defendant was the proximate cause

4

of the constitutional injury. *King v. Massarweh*, 782 F.2d 825, 828-29 (9th Cir. 1986). "Congress did not intend § 1983 liability to attach where causation is absent." *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To establish causation, Plaintiff must adduce "an affirmative link . . . [a] moving force that animated the behavior . . . that resulted in the constitutional violations alleged." *Id.* When the theory of causation is a matter of pure speculation and is nothing more than an hypothetical argument, the pleadings are insufficient to sustain a compensable § 1983 claim. *Horn v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994).

In the present case Plaintiff fails to plead facts that connect Defendant Conway to the alleged wrongdoing. The only connection between Defendant Conway and the denial of the marriage license asserted by Plaintiff is that sometime in the fall of 2006, Defendant Conway "issued his opinion that has been taken to be law. This opinion states or infers that inmates shouldn't be Allowed to marry while incarcerated." Plaintiff states that the Hardin County Clerk's denial of the marriage license requested by Plaintiff's future wife "was and is directly Related to the opinion of Mr Jack Conway."

Plaintiff fails to identify the opinion. He also fails to provide any facts connecting the denial of the license to the opinion. He simply makes the conclusory statement that the denial was directly related to an opinion issued by Defendant Conway. Plaintiff's vague and conclusory allegations are insufficient to state a claim against Defendant Conway. *O'Hara v. Wigginton*, 24 F.3d 823, 826-27 (6th Cir. 1994) (stating that vague and conclusory statements are insufficient to state a civil rights claim); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) ("When a complaint omits the facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.") (quoting *O'Brien v.*

*DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976). Further, Kentucky law makes it clear that the opinions of the Attorney General, although persuasive, do not have the force of law. *Smith v. Wyeth, Inc.*, No. 5:07-CV-18-R, 2009 WL 425032, at *10 (W.D. Ky. Feb. 20, 2009) ("The views of the Kentucky Attorney General, and by extension, the Commonwealth of Kentucky, do not express Congress' intent."); *Louisville Metro Dep't of Corr. v. King*, 258 S.W.3d 419, 421-22 (Ky. Ct. App. 2007) ("While we are not bound by opinions of the Attorney General; this court can, however, afford them great weight."); *York v. Commonwealth*, 815 S.W.2d 415, 417 (Ky. Ct. App. 1991) ("An attorney general's opinion is . . . not binding on the recipient.").

Accordingly, the individual capacity claims will be **DISMISSED** from this action.

## IV. CONCLUSION

Plaintiff having failed to state a claim upon which relief may be granted, the Court will enter a separate Order dismissing this case pursuant to 28 U.S.C. § 1915A.

Date: February 15, 2013

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
 Defendant
4414.003

6